### In re MILLER'S ESTATE.

No. 3633.

First Division. Juneau.

April 6, 1935.

Frank Foster, of Juneau, for petitioners.

Jas. S. Truitt, Atty. Gen., for the Territory.

ALEXANDER, District Judge.

The petitioners here claim to be the brother and sister of deceased, and as such seek to recover moneys left by the deceased and heretofore covered into the treasury of the territory under the escheat law (Comp.Laws 1913, § 608 et seq.). The petitioners claim that the deceased was born September 8, 1867, in Germany, and came to this country when a lad in his "teens." It is undisputed that the deceased died in the city of Juneau in

1932, which, according to their calculation, would make him about 65 years old. On the other hand, the Sister Superior of St. Anne's Hospital, where he died, states that the deceased told her when received at the hospital a short time before his death, that he was 75 years old, and this is substantiated by the local witnesses, who testified at the hearing that they had known him for 30 years or more and that he was a man of 40 to 45 years of age when they first knew him.

Several other discrepancies occur in the testimony, some of which cannot be reconciled. For instance, both the brother and sister state in their affidavits that the deceased had an uncle living in Helena, Mont., whom he had visited and written them about. All of the local witnesses who testified, and who had known the deceased intimately for 30 years or more, had heard him speak often of a brother living in Helena, Mont., but never of an uncle there. The alleged brother and sister of deceased also testified that their brother had no physical or bodily defect or deformity when they last saw or heard from him, whereas the Joe Miller in question had a bad physical deformity when he arrived in Alaska shortly after the brother and sister claimed to have heard from him last, and of such a character that it may have been congenital. The sister says that, "I know of nothing of any bodily defect except that the pupil of one of his eyes was a little bit larger than the other." The brother was asked the specific question as to whether or not their brother ever suffered an injury to his legs or were his legs crippled. He stated that "The intestate had no bodily defect when I last saw him, except a small white spot on the pupil of one eye."

On the whole, I am not impressed with the character of the testimony submitted by the alleged brother and sister of the deceased. The alleged brother does not even know when the deceased migrated to America, except that it was some time about the "eighties" and he says that he received

a postal card from his brother from Liverpool "during the nineties," about 1893 or 1894, in which "he informed me that he had intended to visit me in Germany but he would not, but go to Alaska at once." Neither he nor his sister ever heard from the deceased after that, and we have no evidence that the brother of the petitioners ever arrived in America after that time.

In cases such as this, I think the proof should be clear and conclusive, both as to the identity of the deceased and his relationship to the petitioners, which certainly does not exist here.

The petition will therefore be denied, and the cause dismissed.