Reisel WAKS, Judyta Korman, Sara Fried-
man, David Rottenberg, and Rachel
Muller, Appellants,

v.

STATE of Alaska, Appellee.

No. 163.

Supreme Court of Alaska.

Oct. 10, 1962.

Douglas L. Gregg, of Robertson, Mon-
agle, Eastaugh & Annis, Juneau, for ap-
pellants.

Ralph E. Moody, Atty. Gen., Michael N.
Holmes, Asst. Atty. Gen., Juneau, for ap-
pellee.

Before NESBETT, C. J., and DIMOND
and AREND, JJ.

AREND, Justice.

This is an appeal from a judgment against
the appellants, petitioners below, on their
claim for the return of property escheated
to the state. One Arthur Silverman died
intestate at Sitka, Alaska, in 1946, leaving
an estate of the appraised value of $51,819.-
79. Two years later the residue of the es-
tate escheated to the Territory (now State)
of Alaska by order of the probate court.
On June 3, 1955, the appellants filed a pe-
tition in the lower court in which they
claimed to be the heirs of the Arthur Sil-
verman above named and asked that they
be awarded the escheated property.

As we view the record before us and read
the briefs of the parties there appear to be
two questions presented on this appeal:
(1) Did the court apply the correct stand-
ard or degree of proof for establishing
heirship? (2) Were the court's findings of
fact clearly erroneous?

The case was tried and argued to the
court sitting without a jury and some six
months later the trial judge gave an oral
memorandum of decision from the bench.
In that memorandum he stated that he
would apply the rule announced in the
Alaska case of In re Miller's Estate [1] that

1. 8 Alaska 542 (D.Alaska, 1935).

the proof of heirship in a suit to recover escheated property must be clear and conclusive both as to the identity of the deceased and his relationship to the petitioners. "Otherwise," he stated, "the opportunity would exist for either intentional or unintentional fraud in such claims against the State of Alaska * * *."

The trial judge then continued:

" * * * I cannot. find from the evidence before the court, from the affidavits and all the evidence, that there is clear and conclusive proof that the identity of the deceased Arthur Silverman is a relative of those persons claiming here to be his heirs. The relationship of the petitioners to an Arthur Silverman is not questioned. The question being: Is this Arthur Silverman the one which was the uncle of the individuals which here claim the estate which was escheated to the State of Alaska? I cannot find that the evidence is conclusive within the rules stated by the Miller case. The name 'Silverman' is a very common name. The information which has come before the court is indirect, and I can find no single conclusive piece of evidence that would tie the relationship of Arthur Silverman decedent with whom we are involved, with these individuals. There is no question, perhaps, that they had a relative named Arthur Silverman, but to tie that Arthur Silverman with the present Arthur Silverman is where the proof specifically fails, and I have searched the file of the case and my notes of the proof for some single one incident which would tie this individual specifically and conclusively to the plaintiffs, and I am unable to find such proof. For this reason, the claim of the petitioners or claimants must be denied, and

Mr. Holmes, you may prepare an order stating such. * * *"

These pronouncements of the trial court elicit our first question: Did the court apply the correct standard or degree of proof for establishing heirship in an escheat case? We are of the opinion that it did not.

The appellants contend that the "clear and conclusive" proof required by the trial court was of too high a degree and maintain that it was sufficient that they prove their claim by a preponderance of the evidence. They point out that section 57–8–7, ACLA1949 requires that the issues in proceedings to vacate escheats must be tried by the court as issues are tried in civil actions and that section 58–5–1, ACLA1949, relating to the instructions to be given by the court to the jury on all proper occasions, provides in the Fifth subdivision thereof as follows:

"That in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory the finding shall be according to the preponderance of the evidence."

█ Without deciding at this time whether the rule of preponderance in civil actions tried by jury applies with equal force in civil cases tried by the court sitting without a jury,[2] we are of the opinion that public policy dictates that a higher degree of proof than a preponderance of the evidence should be required of one seeking to establish a claim to money or other property of a decedent which has escheated to the state. Such claims are usually well on the way to becoming stale because of the long time interval allowed between the adjudication of escheat and the commencement of the action to establish the claim.[3] Generally, undependable and uncontradictable hearsay testimony

2. The state in its brief argues that section 58–5–1, Fifth, ACLA 1949, setting forth the preponderance rule in jury trials, has no application to this case since it was tried by the court without a jury; but the state cites no authority in support of its contention.

3. The Alaska statute, section 57–8–7, ACLA 1949, permits the action to establish a claim to escheated property to be

must be relied upon because living witnesses who could testify from their own knowledge as to the relationship of the claimant to the decedent are no longer available.

■ Considerations such as the foregoing, no doubt, led the trial court in this case to comment that "the proof must be conclusive and the relationship between the deceased and those claiming to be his heirs must be clearly established" or "the opportunity would exist for either intentional or unintentional fraud in such claims against the State of Alaska."

The only case we have been able to find, involving the proof of relationship between a decedent and claimants to his property in a probate proceeding or in an action to recover property left by the decedent and escheated to the state in which the standard of persuasion was declared to be "clear and conclusive" proof is the Alaska case of In re Miller's Estate above mentioned. In that case, decided before statehood, Judge Alexander speaking for the District Court of the Territory of Alaska and without citing any authority, concluded:

> "In such cases as this, I think the proof should be clear and conclusive, both as to the identity of the deceased and his relationship to the petitioners, which certainly does not exist here." [4]

■ We disagree with the standard of proof required in the Miller case and hold instead that persons seeking the return of property escheated to the state as unclaimed have the burden of proving their relationship to the decedent by clear and convincing evidence.[5] In other words, the claimants must induce belief in the mind of the judge or jury that the facts which they assert are not merely probably true, but that they are highly probable;[6] yet the claimants are not required to discharge the greater burden of persuasion that the facts asserted are almost certainly true, true beyond a reasonable doubt, or conclusive.[7]

brought at any time within seven years after the judgment of escheat. In the instant case the full seven year period had almost expired at the time the action was commenced.

4. See In re Miller's Estate, 8 Alaska 542, 544 (D.Alaska 1935).

5. Colorado requires the proof in an escheat case such as we have before us here to be "clear and convincing evidence, consisting of more than mere conjecture." State v. Grooms, 110 Colo. 264, 133 P.2d 379, 381 (1943); In re Seddon's Estate, 110 Colo. 528, 136 P.2d 285, 287 (1943). Cf. also Thomson v. Allen, 1 Alaska 636 (D.Alaska 1902) in which it was held that the evidence upon which to base a forfeiture of a mining location must be clear and convincing; SLA 1957, ch. 87, § 126 requiring legal heirs or representatives of a patient who died in a hospital for the mentally ill or departed therefrom without authority and has disappeared, to establish by clear and convincing evidence their claim to any property left at the hospital by the patient, if such claim is sought to be established more than one year, after the patient's death or departure. But cf. In re Link's Estate, 319 Pa. 543, 180 A. 1, 2 (1935) in which the Supreme Court of Pennsylvania adopted the rule that to establish their claim to deceased intestate's property, which the state contends has escheated to the sovereign, persons asserting relationship to decedent must make proof "by a fair preponderance of trustworthy and satisfying evidence, as in civil cases."

6. See McBaine, Burden of Proof: Degrees of Belief, 32 Cal.L.Rev. 242, 251–54, 262–64 (1944); McCormick, Evidence § 320 (1954); 9 Wigmore, Evidence § 2498 (3d ed. 1940).

7. The Supreme Court of California in Hobart v. Hobart Estate Co., 26 Cal. 2d 412, 159 P.2d 958, 976 (1945) called attention to the fact that on two prior occasions it had required oral proof to be "clear, convincing and conclusive" that a deed was intended to be something different and then stated:

"Many other [California] decisions, however, and in particular the more recent ones, have omitted the word 'conclusive,' employing instead such terms as 'clear and convincing,' 'satisfactory,' and 'unequivocal,' and it must now be regarded as settled that, whatever the proof necessary, it need not be 'conclusive.' * * * "

Because of the trial court's failure to apply the correct standard of proof, the judgment (designated "Order" in the record) is reversed and the case remanded with directions to proceed in a manner not inconsistent herewith; and, since the case must be reversed, it is suggested that the trial court make and file written findings and conclusions herein in conformity with Civ.R. 52(a).[8]

So ordered.

8. The second question presented in this case as to whether the court's findings of fact were clearly erroneous need not be considered at this time.