DAIRY QUEEN OF FAIRBANKS, INC.,
Mark Durante and Ralph Durante,
d/b/a Dairy Queen of Fairbanks, and
Hi–Count, Inc., Appellants,

v.

TRAVELERS INDEMNITY COMPANY
OF AMERICA, A Foreign
Corporation, Appellee.

No. S–1954.

Supreme Court of Alaska.

Jan. 29, 1988.

John F. Rosie, Fairbanks, for appellants.

Louis R. Veerman, Guess & Rudd, Anchorage, for appellee.

Before MATTHEWS, C.J., and
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

## OPINION

PER CURIAM.

Mark and Ralph Durante appeal from a jury verdict in a declaratory judgment action brought against them by Travelers Indemnity Company (Travelers). The Durantes owned a Dairy Queen in Fairbanks that was destroyed on August 16, 1984 by an explosion and fire. Travelers denied coverage under a fire insurance policy on the bases of arson and false swearing. We affirm.

I. *Facts and Proceedings.*

The Durantes agreed to purchase the Dairy Queen in November 1983 for $950,-000. They concede that they immediately fell into arrears because their debt service exceeded their income. At the time of the explosion, they owed substantial sums to the First Interstate Bank, the Internal Revenue Service, Dairy Queen International, and various suppliers and other creditors. The property was listed for sale from June 1, 1984 to the date of the explosion. Ralph Durante, during this same period, was also facing financial difficulties in his trucking business.[1]

The Dairy Queen was destroyed on August 16, 1984 at 5:24 a.m. Two explosions and a resulting fire destroyed the entire building and its contents, and damaged property in a two block radius. The fire inspector concluded that the probable cause was arson.

After the Durantes made a claim for loss on the property, Travelers took sworn statements from each of them. Mark swore that on the night of the explosion he was out with friends at several local bars, went home with a dancer he called "Rainbow," and was there with her when the explosion occurred. Ralph testified that he was in his truck on the Dalton Highway between Fairbanks and Prudhoe Bay, and did not arrive back in Fairbanks until about 2:00 a.m. on August 17.

---

1. Travelers offered expert testimony that the Durantes' Dairy Queen business was destined to fail within a short time.

One of the disputes at trial was Ralph's location on the night of the explosion. The Durantes produced records of Sourdough Express showing that Ralph had signed out with a truckload at 6:00 a.m. on August 15 and returned at 3:00 a.m. on August 17. The Durantes also called three truck drivers who testified that they saw Ralph on the Dalton Highway or heard him on the CB radio at the time in question.

In response, Travelers produced the testimony of "Rainbow," whose real name is Korlina Henson. She testified that Ralph had come to Mark's house on the morning of the fire, that Mark and Ralph had discussed the fire as an "insurance scam," and that they had admonished her never to tell anyone that she had met Ralph. Travelers also called Patricia Manning, who testified that Ralph was at her house late the night before the explosion.

Prior to trial, the Durantes moved for summary judgment, arguing that there was insufficient evidence to implicate them in any act of arson. The Durantes appeal the denial of that motion.

The jury returned separate special verdicts against both Mark and Ralph on the

**2.** In its special verdicts the jury determined that the Durantes were "responsible for causing the explosion of the Dairy Queen Building" and that they willfully concealed or misrepresented a material fact or circumstance concerning how the explosion occurred.

**3.** The superior court's instruction read as follows:

In a civil trial, the party who asserts the affirmative of an issue must carry the burden of proving it by a preponderance of the evidence.

By a preponderance of the evidence is meant such evidence as when weighed with that opposite to it, has more convincing force and from which it results that the greater probability of truth lies therein. In the event that the evidence is evenly balanced so that you are unable to say that the evidence on either side of an issue preponderated, that is, has the greater convincing force, then your finding on that issue must be against the party who had the burden of proving it.

While the burden rests upon the party who asserts the affirmative of an issue to prove his claim by a preponderance of the evidence, this rule does not require demonstration of such degree of proof as produces absolute certainty, since in human affairs absolute certainty is seldom possible.

issues of arson and false swearing,[2] and the superior court entered judgment accordingly. The Durantes challenge numerous jury instructions, including the standard of proof, the exclusion of certain evidence, and the special verdict form, as well as the court's refusal to give several proposed jury instructions.

II. *What is the Applicable Standard of Proof for an Arson and False Swearing Defense Raised by an Insurer?*

The superior court ruled that Travelers was required to prove arson and false swearing by a preponderance of the evidence and gave the jury an instruction to this effect.[3] The Durantes argue that the standard should have been "clear and convincing evidence," citing several cases on this point from other jurisdictions. *See Carpenter v. Union Ins. Soc'y of Canton,* 284 F.2d 155 (4th Cir.1960) (applying South Carolina law); *Mize v. Harford Ins. Co.,* 567 F.Supp. 550, 551–52 (W.D.Va.1982) (applying Virginia law); *Jonas v. Northeastern Mutual Fire Ins. Co.,* 44 Wis.2d 347, 171 N.W.2d 185, 187 (1969).[4]

In determining whether or not an issue has been proved by a preponderance of the evidence, you should consider all of the evidence, if any, bearing on that issue regardless of who produced it.

You will be instructed as to which party has the burden of proof with respect to a particular issue or issues in this case.

The court further instructed the jury that:

In this case, the Travelers claim that the defendants breached certain provisions of their fire insurance policy, thereby voiding the policy. The Travelers must prove that it is more likely than not that the defendants breached the insurance policy in one of two ways, that they

1. intentionally caused the destruction of the insured property by explosion and fire; or

2. fraudulently or falsely swore about material facts relating to how the explosion occurred for the purpose of deceiving the Travelers to pay their claim for insurance proceeds.

**4.** The Durantes also cite two jurisdictions that apply hybrid standards. *See Hutt v. Lumbermens Mut. Casualty Co.,* 95 A.D.2d 255, 466 N.Y.S.2d 28, 31 (1983) ("the proper jury 'instruct[ion] [is] that to make out a preponderance, the evidence should be clear and convincing.' "); *Hayseeds, Inc. v. State Farm Fire &*

Travelers responds by pointing out that the majority rule favors the preponderance standard. *See, e.g., Fondren v. Allstate Ins. Co.,* 790 F.2d 1533, 1535 (11th Cir. 1986) (applying Alabama law); *Ferguson v. American Family Mut. Ins. Co.,* 566 F.Supp. 1090, 1093 (E.D.Mo.1983) (applying Missouri law); *Godwin v. Farmers Ins. Co. of Am.,* 129 Ariz. 416, 631 P.2d 571, 574 (App.1981); *Dean v. Insurance Co. of North America,* 453 N.E.2d 1187, 1194 (Ind.App.1983); *Neises v. Solomon State Bank,* 236 Kan. 767, 696 P.2d 372, 378–79 (1985); *George v. Travelers Indem. Co.,* 81 Mich.App. 106, 265 N.W.2d 59, 62 (1978); *Mutual of Enumclaw Ins. Co. v. McBride,* 295 Or. 398, 667 P.2d 494, 495 (1983) (applied to defenses of fraud and false swearing; arson not at issue); *Bufkin v. Texas Farm Bureau Mut. Ins. Co.,* 658 S.W.2d 317, 320 (Tex.App.1983); *see also* 21B J.A. Appleman & J. Appleman, *Insurance Law and Practice* § 12682, at 89 (Rev. ed. 1980).

*Gabaig v. Gabaig,* 717 P.2d 835, 838–39 (Alaska 1986), involved a fraudulent conveyance action. There, in regard to the appropriate burden of proof we said:

> Existence of a fraudulent intent is a question of fact, often proven by circumstantial evidence. *First National Bank of Fairbanks v. Enzler,* 537 P.2d 517, 521–22 (Alaska 1975); AS 34.40.090. This court has stated that fraud is established by a preponderance of the evidence; clear and convincing proof is not required. *Saxton v. Harris,* 395 P.2d 71, 72 (Alaska 1964). (Footnote omitted.)[5]

In the earlier case of *Saxton v. Harris,* 395 P.2d 71 (Alaska 1964), this court affirmed a judgment for plaintiffs who claimed they were fraudulently induced to invest in an oil lease. There we held: "No more than a preponderance of the evidence is necessary to establish fraud. Clear and convincing proof is not required."[6] *Id.* at 72.

The most common rationale for a clear and convincing standard of proof is a "general principle that the burden of proof of an act of a criminal nature asserted as a defense in a civil action is somewhere in between the standard requirement of proof beyond a reasonable doubt in a criminal case and the preponderance of evidence requirement in the ordinary civil case." *Carpenter,* 284 F.2d at 162. *See also City of Madison v. Geier,* 27 Wis.2d 687, 135 N.W.2d 761, 763 (1965) (establishing clear and convincing standard in municipal forfeiture action for drag racing). These courts express concern over the "serious social consequences or harsh or far reaching effects on individuals" of finding someone responsible for a criminal act in a civil case. *Travelers Indem. Co. v. Armstrong,* 442 N.E.2d 349, 360 (Ind.1982) (establishing clear and convincing standard for punitive damages in breach of contract case). *But see Dean,* 453 N.E.2d at 1194 (establishing preponderance standard for arson defense despite *Travelers* ). The Alaska courts have not recognized these concerns.

Those jurisdictions that adopt the preponderance standard do so on the grounds that the cases present "a simple breach of contract," *Neises,* 696 P.2d at 378, and that "[t]he stakes are solely financial and aim at

---

Casualty, 352 S.E.2d 73, 76–77 (W.Va.1986) (upholding "preponderance" instruction that also stated proof must be "clear and satisfactory" and inferences must be "strong and almost inevitable").

5. In our opinion in *Gabaig* we noted that many jurisdictions expressly require proof of fraud by clear and convincing evidence in fraudulent conveyance actions. *Gabaig v. Gabaig,* 717 P.2d 835, 839 n. 4 (Alaska 1986).

6. In a pre-statehood case, the federal district court held that an insurer had to prove that the policyholder had fraudulently overstated the value of his inventory, destroyed in a fire, by clear and convincing evidence. *Woods v. Insur-*

*ance Co. of Texas,* 146 F.Supp. 82, 87 (D.Alaska 1956).

The Durantes rely on *Waks v. State,* 375 P.2d 136, 137–38 (Alaska 1962), to support their argument that the higher standard is more appropriate for arson defenses raised by insurers. In that case, this court held that clear and convincing evidence was required for the plaintiffs to prove their relationship to a decedent in order to establish a claim to money and other property which had escheated to the state. *Id.* The reason given was that "[s]uch claims are usually well on the way to becoming stale," *id.* at 137, and that hearsay evidence was generally the only evidence available. *Id.* at 137–38. Neither of these rationales applies to arson claims.

compensation rather than punishment." *Mutual of Enumclaw,* 667 P.2d at 499. Perhaps more importantly, these courts recognize that "[s]trong principles of public policy deny the insured the right to recover when he intentionally sets on fire property covered by the insurance contract." *Neises,* 696 P.2d at 378. It would hinder this public policy to require proof by a higher standard than usual for civil cases.

We would be adopting an anomalous position if we embraced the clear and convincing standard for arson and false swearing defenses while maintaining the preponderance standard announced in *Saxton* for fraud cases. There is a fairly strong common law basis for the higher standard in fraud cases, but not in arson cases. Thus, many jurisdictions with the clear and convincing standard for fraud cases decline to extend this standard to arson or false swearing defenses raised by insurers. *See, e.g., Godwin,* 631 P.2d at 573–74; *Mutual of Enumclaw,* 667 P.2d at 495, 497.[7]

Given our holdings in *Gabaig* and *Saxton,* and our conclusion that the public policy arguments favoring the preponderance of the evidence standard are compelling, we hold that the superior court did not err in instructing the jury that Travelers was required to prove arson and false swearing by a preponderance of the evidence.[8]

AFFIRMED.

---

[7]. There do not appear to be any jurisdictions with the lower standard for fraud that adopt the higher standard for arson.

[8]. We have carefully reviewed the Durantes' other specifications of error and have concluded that they are without merit.