**Gregory S. HORRELL and Barbara Horrell, Plaintiffs and Appellants,**

v.

**UTAH FARM BUREAU INSURANCE COMPANY, a Utah corporation; and Farm Bureau Mutual Insurance Co., Defendants and Appellees.**

No. 950059–CA.

Court of Appeals of Utah.

Jan. 5, 1996.

Keith W. Meade, Salt Lake City, for Appellants.

Stephen G. Morgan and Cynthia K.C. Meyer, Salt Lake City, for Appellees.

Before DAVIS, BILLINGS, and WILKINS, JJ.

DAVIS, Associate Presiding Judge:

Gregory S. Horrell and Barbara Horrell challenge the trial court's order granting Utah Farm Bureau Insurance Company and Farm Bureau Mutual Insurance Company's (collectively referred to as Farm Bureau) motion for a new trial. We affirm.

## FACTS

Shortly before midnight on October 3, 1990, the Horrell's residence caught fire. The fire was extinguished at approximately 2:48 a.m., but rekindled within a couple hours. The house was ultimately destroyed.

The Horrells submitted the information they believed was necessary to process their claim to Farm Bureau in January of 1991. Between early February 1991 and late September 1991, Farm Bureau did not contact the Horrells. In March, 1992, approximately 18 months after the fire, Farm Bureau denied the Horrells' claim for insurance benefits under the policy. The claim was denied on several grounds, including breach of the conditions of the policy, fraud, false swearing, misrepresentation, and incendiarism (arson) for which an insured was responsible.

In June 1992, the Horrells filed an action against Farm Bureau seeking benefits under their homeowners' policy and damages for Farm Bureau's alleged misconduct in handling their claim. Both parties filed motions for summary judgment, and these motions were denied. In addition to denying the motions for summary judgment, the trial court's order stated that Farm Bureau's affirmative defenses "will be evaluated by the jury under a 'preponderance of the evidence' standard."

Notwithstanding this order, the trial court later instructed the jury, over Farm Bureau's objection, that the affirmative defenses of arson and misrepresentation must be proven by "clear and convincing" evidence. The jury found that Farm Bureau had not met that burden. Additionally, the jury found by a preponderance of the evidence that the Horrells' insurance claim was not "fairly debatable" as the jury instructions defined that term. Consequently, on August 8, 1994, a judgment was entered for the Horrells in the amount of $289,310.37.

On August 18, 1994, Farm Bureau filed a motion for judgment notwithstanding the verdict and a motion for a new trial. After oral argument, the trial court granted the motion for a new trial. The court reasoned that the "April 19, 1994 Order denying the parties' cross-motions for summary judgment ... ordered that Defendants would be required to prove their affirmative defenses by a preponderance of the evidence and the law of the case that was established by that Order should have been followed at trial."

The Horrells' petition for interlocutory appeal was granted by the Utah Supreme Court on January 26, 1995, and the case was subsequently poured over to this court. Farm Bureau filed a motion to limit briefing to issues relating to burden of proof. This motion was granted.

## ISSUES

The issues on appeal, as limited by prior order of this court, are: (1) whether the trial court applied the appropriate burden of proof for the defenses of arson and misrepresentation,[1] and (2) if we conclude the court erred, whether that error was harmless.

## STANDARD OF REVIEW

The trial court's decision to grant or deny a motion for a new trial will generally not be reversed absent an abuse of discretion. *Rasmussen v. Sharapata*, 895 P.2d 391, 396 (Utah App.1995). However, if the court's ruling is based upon a conclusion of law, we review the decision for correctness. *Crookston v. Fire Ins. Exch.*, 860 P.2d 937, 938 (Utah 1993). We apply the correctness standard of review to the instant case because the trial court determined that a retrial was required due to legal error at trial.

## ANALYSIS

### 1. *Burden of Proof*

■ The Horrells argue that the trial court did not err in instructing the jury that the defenses of arson and misrepresentation must be proven by clear and convincing evidence. These are issues of first impression in Utah.

A minority of jurisdictions adheres to the rule that the defenses of arson and, to the extent it is raised, misrepresentation, must be proven by clear and convincing evidence.

---

1. We analyze the two defenses as one because to do otherwise "would create an illogical and impractical inconsistency." *See St. Paul Mercury Ins. Co. v. Salovich*, 41 Wash.App. 652, 705 P.2d 812, 815 (1985); *see also Rego v. Connecticut Ins.*

*Placement Facility*, 219 Conn. 339, 593 A.2d 491, 495 (1991) (noting that "insurers commonly raise the special defenses of arson and concealment or misrepresentation in tandem").

*See Mize v. Harford Ins. Co.,* 567 F.Supp. 550, 552 (W.D.Va.1982) (applying Virginia law); *McGory v. Allstate Ins, Co.,* 527 So.2d 632, 636 (Miss.1988); *Hutt v. Lumbermens Mut. Casualty Co.,* 95 A.D.2d 255, 466 N.Y.S.2d 28, 30 (1983); *Jonas v. Northeastern Mut. Fire Ins. Co.,* 44 Wis.2d 347, 171 N.W.2d 185, 187 (1969). These jurisdictions generally conclude that arson, and the subsequent misrepresentations, essentially constitute fraudulent behavior and, as such, should be proven by clear and convincing evidence. *McGory,* 527 So.2d at 635–36; *accord Hutt,* 466 N.Y.S.2d at 30. The underlying reasoning appears to be that "where the defense is one of a criminal act by the insured, the presumption that most people are law-abiding citizens requires that such an assertion be proven by clear and convincing evidence. Arson is one of the[se] defenses." *Mize,* 567 F.Supp. at 552; *accord Hutt,* 466 N.Y.S.2d at 30; *Hayseeds, Inc. v. State Farm Fire & Casualty,* 177 W.Va. 323, 352 S.E.2d 73, 77 (1986). In addition, courts applying a stricter standard have done so because "[q]uantum of proof standards reflect the degree of confidence we demand for particular findings. They measure our willingness to risk error." *McGory,* 527 So.2d at 635.

The majority position is that the defense of arson may be proven by a preponderance of the evidence. In *Verrastro v. Middlesex Ins. Co.,* 207 Conn. 179, 540 A.2d 693 (1988), the Connecticut Supreme Court examined case law from twenty-five states that had considered the standard of proof in a civil arson case. The court's survey indicated that twenty-two of those states had adopted the preponderance of the evidence standard. *Id.* 540 A.2d at 695–96 n. 2. The number of states applying the preponderance of the evidence standard is currently twenty-nine.[2] *See Dairy Queen v. Travelers Indem. Co.,* 748 P.2d 1169, 1172 (Alaska 1988); *Pacheco*

*v. Safeco Ins. Co.,* 116 Idaho 794, 780 P.2d 116, 122 (1989); *Fittje v. Calhoun County Mut. County Fire Ins. Co.,* 195 Ill.App.3d 340, 142 Ill.Dec. 3, 6, 552 N.E.2d 353, 356 (1990); *Koonts v. Farmers Mut. Ins. Ass'n,* 235 Iowa 87, 16 N.W.2d 20, 24 (1944); *Bateman v. State Farm Fire & Casualty Co.,* 814 S.W.2d 684, 685 (Mo.Ct.App.1991); *Pacific Ins. Co. v. Frank,* 452 P.2d 794, 796 (Okla. 1969); *Mutual of Enumclaw Ins. Co. v. McBride,* 295 Or. 398, 667 P.2d 494, 499 (1982). Leading treatises have also concluded that "[a]s a matter of law, a defense of incendiarism is not sustained unless the evidence creates a reasonable inference of insured's guilt. Evidence does not need to be clear and convincing but rather the insurer must prove its defense by the preponderance of the evidence." 18 George J. Couch, Cyclopedia of Insurance Law § 74:667 (2d ed. 1983) (footnotes omitted); *see also* 21B John A. Appleman & Jean A. Appleman, Insurance Law and Practice § 12682 (1980).

The jurisdictions adopting the preponderance standard have done so primarily because they view the intentional burning of an insured structure not as fraud, but as a "simple breach of contract." *Neises v. Solomon State Bank,* 236 Kan. 767, 696 P.2d 372, 378 (1985); *accord Dairy Queen,* 748 P.2d at 1171; *Pacheco,* 780 P.2d at 122–23. Interestingly, the majority of jurisdictions adopting the preponderance standard in arson cases also require that fraud be proven by clear and convincing evidence. *See Godwin v. Farmers Ins. Co.,* 129 Ariz. 416, 631 P.2d 571, 574 (App.1981) and cases cited therein.

The defense of arson/misrepresentation under an insurance contract has been characterized by the courts adopting the preponderance standard as an "affirmative defense," the "special defense of arson," "failure to comply with conditions," "breach by representation in claim," or simply, the

---

**2.** We note that, as the Horrells point out, the majority position also includes a few jurisdictions that have ostensibly adopted the preponderance standard but actually apply a standard closer to clear and convincing. *See Clifton v. Louisiana Farm Bureau Casualty Ins. Co.,* 510 So.2d 759, 760 (La.Ct.App.1987) (observing that the burden of proof could be established by the preponderance of the evidence "'where the evidence is of such impact that it will sustain no

other reasonable hypothesis but that the claimant is responsible for the fire'") (citation omitted); *Hayseeds, Inc. v. State Farm Fire & Casualty,* 352 S.E.2d 73, 77 (W.Va.1986) (affirming jury instruction stating that the burden of proof was by a preponderance but "'such proof of voluntary and intentional burning should be clear and satisfactory ... and the inference or presumption to which the facts give rise must be strong and almost inevitable.'") (citation omitted).

"defense of arson," depending upon such variables as the terms of the insurance contract, the facts and circumstances of each case, the rules of civil procedure in each jurisdiction and the precedent or analysis relied upon. Regardless of its characterization, we adopt the majority position and hold that the burden of establishing arson or misrepresentation to defeat a claim under an insurance contract may be met by a preponderance of the evidence.[3]

There are several reasons supporting this decision. First, we are not persuaded by the argument that the stigma of arson requires that it be proven by clear and convincing evidence. Instead, as the Oregon Supreme Court observed,

> Here the consequence of fraud [arson] or false swearing is solely the forfeiture of a contractual benefit.... [T]he public has no interest in the resolution of this dispute ... [and] the stakes are solely financial and aim at compensation rather than punishment.... For these reasons, insurance fraud or false swearing is a purely civil dispute.

*McBride,* 667 P.2d at 499; *see also Quast v. Prudential Property & Casualty Co.,* 267 N.W.2d 493, 495 (Minn.1978) (holding that preponderance standard appropriate because arson alleged in civil context); *Greenberg v. Aetna Ins. Co.,* 427 Pa. 494, 235 A.2d 582, 583 (1967) (same); *Rutledge v. St. Paul Fire & Marine Ins. Co.,* 286 S.C. 360, 334 S.E.2d 131, 138 (App.1985) (same).

Second, due to the inherent difficulties in proving arson, "which is usually based on secret preparation and activity," *State v. Dronzank,* 671 P.2d 199, 200 (Utah 1983), we consider it inequitable to require insurance companies to establish the defense of arson by clear and convincing evidence, while insureds can demonstrate breach of the same contract under the preponderance of the evidence standard. Finally, our decision to

adopt the lower preponderance standard is also motivated by the strong public policy precluding recovery for arson. *Dairy Queen,* 748 P.2d at 1172; *Neises,* 696 P.2d at 378.

Because we adopt the preponderance standard for the defenses of arson/misrepresentation, we necessarily conclude that the trial court erred in instructing the jury that the appropriate standard was clear and convincing evidence. We now address the issue of whether this error was harmful.

### 2. Harmless Error

■ The Horrells contend that even if the jury was improperly instructed regarding the correct burden of proof for the defenses of arson and misrepresentation, the error was harmless. *See Crookston v. Fire Ins. Exch.,* 817 P.2d 789, 796 (Utah 1991) ("[A]n error is harmful only if the likelihood of a different outcome is sufficiently high as to undermine our confidence in the verdict."). They point to the jury's response to special verdict question six, and argue that because the jury found by a *preponderance* of the evidence that the Horrells' insurance claim was not "fairly debatable," it follows that the jury did not believe that the preponderance of the evidence suggested that Mr. Horrell had set the fire. Thus, the Horrells infer, the jury essentially found that Mr. Horrell did not intentionally burn the house under either burden of proof.

For this argument to succeed, we would have to conclude that special verdict question one, whether Mr. Horrell intentionally set the fire, is virtually identical to special verdict question six, whether the Horrells' claim was fairly debatable. We cannot do so. While the jury may have considered some of the same facts in answering these questions, the questions remain essentially disparate.

As Farm Bureau points out, question one asks the jury to consider all the evidence

---

3. The Horrells also contend that the arson defense is a form of "contract avoidance" which is subject to the clear and convincing standard. However, the cases they cite deal with matters such as contract reformation, mistake, and misrepresentation in the inducement to enter into a contract. *See Mabey v. Kay Peterson Constr. Co.,*

682 P.2d 287, 290 (Utah 1984); *Jensen v. Eddy,* 30 Utah 2d 154, 514 P.2d 1142, 1144 (1973); *Tibbitts v. Openshaw,* 18 Utah 2d 442, 425 P.2d 160, 161–62 (1967). The Horrells provide no analysis regarding the alleged similarities between the arson/misrepresentation defense and those claims, nor is the similarity apparent.

adduced at trial and to determine whether they are persuaded by clear and convincing evidence that Mr. Horrell intentionally set the fire that occurred at his residence on October 3, 1990. Question six, on the other hand, limits the jury to the facts that were known or should have been known *when the insurance company denied the claim.* Thus, it is possible that the jury could have concluded that the claim was not fairly debatable at the time it was denied, but that evidence subsequently obtained through discovery would justify a verdict by a preponderance of the evidence that Mr. Horrell intentionally burned his residence.

In addition, we note that the Horrells themselves, in their memorandum in opposition to Farm Bureau's motion for judgment notwithstanding the verdict, indicated that they believed that the factual underpinnings for questions one and six were very different. Rebutting an argument of insufficiency of the evidence, the Horrells stated that the grounds for the jury's conclusion that the claim was not fairly debatable might have included, "the lack of diligent investigation, the fact that Larry Bachman buried the file for eight months without acting on it, the testimony of John Blondell that the investigation was not complete and focused in too quickly upon the insured." Thus, even the Horrells have acknowledged that questions one and six are not identical.

Based upon the foregoing, we conclude that the error in instructing the jury on the wrong burden of proof in special verdict question one was not obviated by instructing the jury on the correct burden of proof in special verdict question six. Because the Horrells have not established that the court's error was ˈharmless, we affirm the trial court's decision to grant Farm Bureau's motion for a new trial.

## CONCLUSION

The court erroneously instructed the jury regarding the appropriate burden of proof for Farm Bureau's defenses, and this error was prejudicial. Accordingly, we affirm the

trial court's ruling ordering a new trial in this matter.

BILLINGS and WILKINS, JJ., concur.