**ALLSTATE INSURANCE, COMPANY Plaintiff–Appellee,**

v.

**Daniel L. APTED Defendant–Appellant.**

**No. 99–36074.**

**D.C. No. CV–96–00069–JWS.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Sept. 7, 2001.

Before SCHROEDER, Chief Judge, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Following a jury verdict resulting in a judgment declaring his insurance policy void, Daniel Apted appeals the district court's denial of his pre-trial motions *in limine,* renewed motion for judgment as a matter of law, and motion to alter judgment. Because the parties are familiar with the facts, we will not set them out in detail. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Apted contends that the district court abused its discretion in denying his pre-trial motions to exclude evidence relating to 1) the inaccurate financial documents which he submitted to Key Bank, 2) his efforts to increase his insurance coverage prior to the fire, and 3) the cause of the fire. We disagree. The Key Bank documents and Apted's attempt to increase his coverage were probative of intent and the absence of mistake. Apted has failed to demonstrate that the probative value of this evidence was substantially outweighed by the risk of unfair prejudice. Moreover, we decline to consider whether Allstate failed to authenticate the Key Bank documents because Apted waived this challenge by failing to object at trial. *Masayesva v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

626

*Hale*, 118 F.3d 1371, 1379 (9th Cir.1997). Similarly, evidence relating to the fire's cause was properly admitted. It completed the story and was not prejudicial. Contrary to Apted's contention, Allstate's opening remark that "this is not a case about arson" was not prejudicial, either. If anything, this benign comment negated any suspicion that Apted intentionally started the fire.

■ Although Apted appeals the district court's denial of his renewed motion for judgment, he offers little challenge to the evidence supporting the jury's verdict. Instead, he contends that he is entitled to judgment because Allstate breached its fiduciary duty during the claims process. This argument has no bearing on whether the Allstate presented sufficient evidence to prove Apted intentionally misrepresented his loss. It is nothing more than a recast of Apted's abandoned bad faith claim. Allstate presented substantial evidence supporting the jury's verdict, including: 1) Sims' testimony, 2) the inventory records, 3) the appraisal, 4) the salvage report, and 5) the Key Bank documents. The district court did not err in denying Apted's renewed motion for judgment as a matter of law.

■ Apted also argues that the district court erred by instructing the jury that Allstate bore the burden of proving intentional misrepresentation by a preponderance of the evidence. He contends that under Alaska law, insurers must prove this coverage defense by clear and convincing evidence. He is mistaken. The Alaska Supreme Court has clearly held that insurers need only prove an insured's intentional misrepresentation by a preponderance of the evidence. *Dairy Queen v. Travelers Indem. Co.*, 748 P.2d 1169, 1172 (Alaska 1988).

■ Finally, Apted contends that the district court abused its discretion in denying his motion to alter judgment, arguing that Allstate was not entitled to reimbursement of the $30,000 advanced under the void policy. This argument is without merit. Because the policy was declared void, Allstate was entitled to reimbursement as a matter of law.

AFFIRMED.