7    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD SEILER, Appellant. — Order, entered March 4, 1964, denying defendant's motion to vacate on grounds in the nature of a writ of error *coram nobis*, an order of January 24, 1957, dismissing his appeal from a judgment of conviction of July 24, 1951 for illegal possession of dangerous weapons and sentencing him, after trial, to two consecutive prison terms of 13 to 14 years each, unanimously reversed, on the law, and the proceedings remanded to Supreme Court for a hearing. A sufficient showing is made, prima facie, that defendant's appeal may have been dismissed for neglect due to lack of notice and to indigency and ignorance of the defendant (e.g., *People* v. *Adams*, 12 N Y 2d 417). The record shows that defendant made an effort to obtain an affidavit from his then lawyer which effort at the time of the making of the petition had not been successful through no apparent fault of defendant. Concur — Botein, P. J., Breitel, Steuer, Capozzoli and Witmer, JJ.

## (June 30, 1966)

■    SAKS & Co. et al., Respondents, v. CONTINENTAL INSURANCE COMPANY et al., Appellants.— Judgment appealed from unanimously reversed, on the law, and the complaint dismissed, without costs or disbursements to either party. The policies sued on were New York standard fire insurance policies in form. They contained the required provision " This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto " (Insurance Law, § 168). The physical facts surrounding the claimed fires, restricted as each was to a very limited area, render impossible losses of the nature and extent claimed here. The evidence creates a suspicion that they were incendiary in origin. Additionally, the nature and characteristics of certain of the objects allegedly destroyed by fire would inevitably have resulted in some identifiable residue. No remnants of the coat hangers and no zippers of the suits were found. Apparently even the ash residue cannot be reconciled with the enormous losses claimed to have been suffered. The alleged loss of the four antique rugs, and the explanation offered as to such rugs and other lost or missing objects is so fantastic as to be incredible. We are satisfied the evidence is clear and convincing that fraud and extensive false swearing are here involved in the origin, the submission and evidence offered in support of the claim. As such the policies are vitiated and recovery thereunder will not be allowed (*Domagalski* v. *Springfield Fire & Marine Ins. Co.*, 218 App. Div. 187). Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.