■ JOHN CARRERA, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 38630.) — REYNOLDS, J. Appeal by the claimant from so much of a judgment of the Court of Claims as dismissed, for failure of proof, claimant's claim for property damage allegedly caused by the State's installation of drainage facilities in connection with the widening of the Sunrise Highway in Bellmore, Nassau County, which redirected water into a small stream abutting claimant's property increasing the stream flow to such an extent that it undermined a retaining wall causing claimant's building to collapse on September 12, 1960, during the height of "Hurricane Donna". Concededly, claimant alleged facts which, if proven, would permit recovery for the damage sustained (e.g., *Fox* v. *City of New Rochelle,* 240 N. Y. 109). The question here, therefore, is whether the trial court's finding that claimant had failed to establish that the new drainage system installed by the State was the proximate cause of the damages suffered is against the weight of the evidence (*Cashin* v. *City of New Rochelle,* 256 N. Y. 190; *Incorporated Vil. of Flower Hill* v. *State of New York,* 7 A D 2d 940). Clearly claimant had the burden of establishing cause and effect and to do so here was required to prove that the increased flow of the stream had an eroding effect on the foundation upon which the retaining wall rested. An inspection of the record reveals that apart from the testimony of one Liebegott, a mason and bricklayer, who stated that his inspection of the wall in July of 1960 revealed that the footing was exposed from water running underneath it, there is no evidence that the increased flow caused any eroding

away of the dirt on which the wall rested. It is true that a professional engineer called by the claimant opined that the increased flow caused erosion along the retaining wall after October, 1959 when the new drainage system began operating and that the erosion-weakened wall finally collapsed under extra "scouring" from the flow of water during "Hurricane Donna" on September 12, 1960. However, his testimony was based solely on his professional knowledge of the consequences which might follow as a result of an increased flow, but since he had never seen the wall prior to its collapse; did not know the height of the stream; the base on which the wall was resting, its location or depth; whether there were any tie rods connecting the wall and the building and when asked to reconstruct erosion was unable to do so, his testimony could properly have been rejected by the trial court as depending too much on speculation and surmise (*Bianco* v. *New York State Thruway Auth.*, 15 A D 2d 695). Finally, there is evidence that contrary to claimant's contention collapse was caused by the fact that the wall was not sufficiently reinforced to withstand the increased hydrostatic pressure resulting from the heavy precipitation associated with "Hurricane Donna". On this state of the record we find no basis to disturb the trial court's determination (*Eason* v. *State of New York*, 280 App. Div. 358). Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.