■ JAMES F. STEPHENSON et al., Respondents, v ROBERT E. LORD et al., Appellants.—Appeal from a judgment of the Supreme Court, entered May

19, 1978 in Fulton County, upon a verdict rendered at a Trial Term in favor of plaintiffs. On May 22, 1975, plaintiffs purchased from defendants a tract of land in Fulton County for the purchase price of $100,000, and a controversy subsequently developed between the parties over the amount of acreage included in the tract when a survey thereof conducted after the closing revealed that it contained only 27.41 acres. Ultimately, plaintiffs instituted the present action in fraud against defendants, and in their complaint they basically alleged that they purchased the property in reliance upon fraudulent misrepresentations, made knowingly by defendants, to the effect that the tract of land contained 35 acres. Following a jury trial on the matter, a verdict in the amount of $11,000 was returned in favor of plaintiffs, and the instant appeal followed. We hold that the judgment in favor of plaintiffs must be reversed. While there has previously been some conflict as to the standard of proof applicable in a fraud action (see, e.g., *Young v Hutchinson,* 14 AD2d 562), it now appears that claims of fraud must be established by clear and convincing evidence *(Simcuski v Saeli,* 44 NY2d 442). Nonetheless, in a ruling to which defendants timely excepted, the trial court here denied defendants' request that it charge the jury that the plaintiffs must prove their case by clear and convincing evidence, and, instead, the jury was charged that plaintiffs must establish their case by only a fair preponderance of the credible evidence. Under these circumstances, reversible error was committed in that the jury was instructed to hold plaintiffs to less than the required standard of proof. Such being the case, the resultant judgment must be reversed, and this matter must be remitted for a new trial. We reach no other issue. Judgment reversed, on the law, and matter remitted for a new trial, with costs to abide the event. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.