ALAN S. HUTT et al., Appellants, v LUMBERMENS MUTUAL
CASUALTY COMPANY, Respondent, et al., Defendant.

Second Department, August 15, 1983

**APPEARANCES OF COUNSEL**

*Scher & Eliasberg, P. C. (Robert A. Scher* of counsel), for
appellants.

*Whitman & Ransom (Patrick Lanigan* of counsel; *Robert
S. Newman* on the brief), for respondent.

**OPINION OF THE COURT**

TITONE, J. P.

In an action to recover the proceeds of a fire insurance
policy, the plaintiffs appeal from a judgment of the Su-
preme Court, Suffolk County, which dismissed the com-
plaint following a jury verdict in favor of the defendant
insurer (hereinafter defendant).

The issue is whether the defendant met its burden of
establishing the affirmative defense of arson. Finding that
it did not, we reverse.

Plaintiffs were the owners of a one-family house, located
in Deer Park, Long Island, in which they had resided for
some 21 years. The house was insured under a standard
homeowner's policy issued by defendant which provided
protection against damage caused by fire. Sometime dur-
ing the early morning hours of February 21, 1980, while
the plaintiffs were home, a fire destroyed the house and its
contents. Defendant disclaimed coverage, claiming arson.
This action followed.

To support its arson defense, defendant produced a single expert whose conclusion that the fire was incendiary in nature was based upon the premise that certain wall burn patterns (described as "V patterns") were inconsistent with any hypothesis but arson, and that certain floor burn patterns (called "pour patterns") suggested the use of an accelerant.

The expert's analysis of the wall burn patterns hinged on the theory that no sparks had been carried from the point of the initial conflagration to ignite secondary fires throughout the house. This was based on the assumption that heat had broken the exterior den windows and vented the fire. But, on cross-examination, the expert conceded that he did not know when the windows had been broken and that it was equally possible that they might have been broken by the fire department after the fire had already engulfed the area. If that had been the case, it was possible that sparks, carried by smoke and flame, might have swept through the house causing secondary ignitions on the first and second floors, which would have been consistent with the manner and direction that the fire had spread.

Similar equivocation is involved with respect to the floor burn patterns. The expert examined floor burns in the living room, bathroom and den and formed an initial opinion that they were produced by an accelerant. Yet, on cross-examination he qualified this opinion after noting that if an accelerant had been used the carpet would have burned through and had not, that innocuous chemicals may have been responsible for the bathroom pattern, and that an "instant-on" television (the type that plaintiffs owned) or burning debris that had fallen would also have been consistent with the downward burn patterns in the den. These possibilities were never considered during the course of the expert's investigation.

In an action to recover the proceeds of a fire insurance policy, it is the insurer's burden to establish the affirmative defense of arson (see 2 NY PJI 1066). And, notwithstanding some early New York cases suggesting that the burden is met by a mere preponderance standard of proof (e.g., *Johnson v Agricultural Ins. Co.*, 25 Hun 251),[1] we think that, because arson is "but one form of fraud in

---

1. The rule set forth in *Johnson* was noted by the Court of Appeals to be the subject

making [a] claim under a policy" (2 NY PJI 1066) and an inference of arson must be "strong and almost inevitable" (21 Appleman, Insurance Law and Practice, § 12229), the more contemporary measure of persuasion is that of clear and convincing evidence (*Simcuski v Saeli*, 44 NY2d 442, 452; *Rudman v Cowles Communications*, 30 NY2d 1, 10; see, e.g., *Saks & Co. v Continental Ins. Co.*, 26 AD2d 540, affd 23 NY2d 161; *C-Suzanne Beauty Salon v General Ins. Co. of Amer.*, 574 F2d 106, 112, n 9; cf. *Jonari Mgt. Corp. v St. Paul Fire & Mar. Ins. Co.*, 58 NY2d 408, 417). As was so well noted in *Ziegler v Hustisford Farmers' Mut. Ins. Co.* (238 Wis 238, 242), " 'To fasten upon a man the act of wilfully and maliciously setting fire to his own building should certainly require more evidence than to establish the fact of payment of a note, or the truth of an account in setoff; because the improbability or presumption to be overcome in the one case is much stronger than it is in the other. Hence it can never be improper to call the attention of the jury to the character of the issue, and to remind them that more evidence should be required to establish grave charges than to establish trifling or indifferent ones' " (quoting 2 Jones, Commentaries on Evidence [2d ed], § 563, p 1036).[2]

---

of much criticism and has never been directly passed upon by that court (*Seybolt v New York, Lake Erie & Western R. R. Co.*, 95 NY 562, 569). Moreover, it would appear that the *Johnson* court's real concern was with limiting the reasonable doubt standard to criminal cases (see *Kurz v Doerr*, 180 NY 88, 92; compare Groom, Proof of Crime in a Civil Proceeding, 13 Minn L Rev 556, with Cohen, Allegation of Crime in a Civil Action: Burden of Proof, 20 U Toronto Faculty L Rev 20, 24). We would also note that, aside from a recent Federal District Court opinion (*Demyan's Hofbrau v INA Underwriters Ins. Co.*, 542 F Supp 1385, 1386), *Johnson* has not been cited by a New York State court for more than half a century.

**2.** We are cognizant that out-of-State authorities have divided on the question (see cases collected in *Godwin v Farmers Ins. Co. of Amer.*, 129 Ariz 416, 418-419; *Great Amer. Ins. Co. v K&W Log*, 22 Wn App 468, 472; 46 CJS, Insurance, § 1359, pp 567-568). We find those cases applying the clear and convincing standard (e.g., *Carpenter v Union Ins. Soc. of Canton*, 284 F2d 155, 162; *Jonas v Northeastern Mut. Fire Ins. Co.*, 44 Wis 2d 347, 353, n 1) to be more in accord with New York law which has long imposed a "far more demanding" burden when a serious accusation involving moral turpitude, such as fraud, is leveled (*Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 121; see *Commissioner of Public Welfare of City of N. Y. [McNamee] v Ryan*, 238 App Div 607; *Ajax Hardware Mfg. Corp. v Industrial Plants Corp.*, 569 F2d 181, 186; Maguire, Weinstein, and Mansfield, Cases and Materials on Evidence [6th ed], p 1035; McCormick, Evidence [2d ed], § 340, pp 796-798). Moreover, the conflicting cases fail to recognize that, as we point out in the text, a clear and convincing standard relates to the quality rather than the quantum of proof (see, e.g., *Godwin v Farmers Ins. Co. of Amer.*, supra; *Werner's Furniture v Commercial Union Ins. Co.*, 39 Ill App 3d 59; *Great Amer. Ins. Co. v K&W Log*, supra). To the extent that *Demyan's Hofbrau v INA Underwriters Ins. Co.* (542 F Supp 1385), which relied on *Johnson v Agricultural Ins. Co.* (25 Hun 251),

It must be emphasized, however, that the clear and convincing standard relates only to the quality and not the quantum of proof (see Lilly, Introduction to the Law of Evidence, § 15, p 42; 4 Benders' NY Evid, § 183.03). "Proof may be required to be clear and convincing without tran̅scending the rule of preponderance" (*Roberge v Bonner,* 185 NY 265, 268).[3] Thus, in cases where the standard is applicable, the proper jury "instruct[ion] [is] that to make out a preponderance, the evidence should be clear and convincing" (*McKeon v Van Slyck,* 223 NY 392, 397; see, also, McBaine, Burden of Proof: Degrees of Belief, 32 Cal L Rev 242, 246, 253-254).[4]

In this case, the evidence is equally balanced. Neither qualitatively nor quantitatively does it meet the required level of convincement. As a matter of logical necessity, the expert's opinion is based upon conjecture and speculation and cannot be deemed to preponderate in favor of defendant's hypothesized theory of arson (*Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191, 196; *Carrera v State of New York,* 29 AD2d 577, 578), particularly in the absence of proof of motive (cf. *Anderson v General Acc. Fire & Life Assur. Corp.,* 58 AD2d 568; *V.F.V. Constr. Co. v Aetna Ins. Co.,* 56 AD2d 598). Accordingly, the jury's verdict should have been set aside as against the weight of the evidence (see *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431, 439).

For these reasons, the judgment appealed from should be reversed, on the law and the facts, and a new trial granted.

LAZER, GIBBONS and THOMPSON, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered October 19, 1981, reversed, on the law and the facts, and new trial granted, with costs to abide the event.

---

is to the contrary, we need simply say that it reflects an erroneous view of the law of this State and, therefore, we decline to follow it.

**3.** A caveat is indicated. While, as discussed, we believe that, under New York law, the clear and convincing evidence standard relates to the quality rather than the quantity of the evidence presented, we recognize that the United States Supreme Court, in certain areas, has held as a matter of due process, that the standard requires a more exacting measure of persuasion — less than that of beyond a reasonable doubt imposed in criminal causes but more than the traditional preponderance (e.g., *Santosky v Kramer,* 455 US 745, 764). Our holding today should not be read as reducing a measure of persuasion which may be constitutionally mandated in such cases.

**4.** Trial Term did not give such an instruction. On retrial, it should do so.