■ CAROL A. ROSSI, Appellant, v HARTFORD FIRE INSURANCE COMPANY et al., Respondents. (And a Third-Party Action.) — In an action to recover on a fire insurance policy, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated April 27, 1982, which is in favor of defendants, upon a jury verdict. ¶ Judgment reversed, on the law, and new trial granted, with costs to abide the event. ¶ There was an abundance of evidence from which a jury could find that plaintiff willfully participated in the burning of her dwelling. However, we are constrained to order a new trial based upon a substantial error in the trial court's charge (see *Yandian v Merlis,* 34 AD2d 582, 583). ¶ The court charged that defendants' affirmative defense of arson must be established by a mere preponderance of the evidence, when the proper charge in an alleged arson case is that the affirmative defense must be established by clear and convincing evidence (see *Hutt v Lumbermens Mut. Cas. Co.,* 95 AD2d 255), which is a higher, more demanding standard than the preponderance standard (New York Pattern Jury Instructions, 1 NY PJI 1:64 [1983 Supp]; *Simcuski v Saeli,* 44 NY2d 442; *Ross v Food Specialties,* 6 NY2d 336, 341; *Santosky v Kramer,* 455 US 745; see, also, *Matter of Storar,* 52 NY2d 363; *Stephenson v Lord,* 72 AD2d 857). ¶ We have considered the other contentions raised on appeal and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.