■ LONG ISLAND SKI CENTER, INC., Respondent, v HARTFORD FIRE INSURANCE COMPANY, Appellant.—In an action to recover

upon a policy of fire insurance, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Corso, J.), entered May 21, 1984, which was in favor of the plaintiff and against it in the principal sum of $150,000.

Judgment affirmed, with costs.

Subsequent to a fire at the plaintiff's business premises, the plaintiff submitted a claim and proof of loss for damage to its personal property, seeking the policy's $150,000 limit of liability. The defendant commenced an investigation and, after concluding that the fire was started by arson, refused to make payment on the policy. This action followed. The defendant's answer contained three affirmative defenses, to wit, that the plaintiff had (1) deliberately set the fire in order to collect the insurance proceeds, (2) sworn falsely as to material matters during an examination under oath conducted by the defendant, and (3) sworn falsely on its filed proof of loss.

At the trial, the court instructed the jury, as mandated by this court in *Hutt v Lumbermens Mut. Cas. Co.* (95 AD2d 255), that each party had a separate burden of proof. The plaintiff had to establish its case by a preponderance of the evidence and the defendant had to prove its three affirmative defenses by clear and convincing evidence.

As this court held in *Hutt,* the proper charge in an alleged arson case is that the affirmative defense must be established by clear and convincing evidence which is a higher, more demanding standard than the preponderance standard *(see, Hutt v Lumbermens Mut. Cas. Co., supra; Rossi v Hartford Fire Ins. Co.,* 103 AD2d 771; *see also, Simcuski v Saeli,* 44 NY2d 442).

Moreover, the court properly presented the defendant's two additional affirmative defenses which alleged that the plaintiff gave false evidence under oath, under the same "clear and convincing standard", since the alleged false swearing to material facts relates to the arson defense and is interrelated with the fraud aspect of that defense.

Finally, a review of the record indicates that the court's instructions to the jury substantially complied with the requirements set forth in *Hutt v Lumbermens Mut. Cas. Co. (supra).*

Accordingly, the court's charge was proper. Mangano, J. P., Gibbons, Niehoff and Spatt, JJ., concur.