■ LORRAINE YOUNG, Respondent, v COMMERCIAL MUTUAL INSURANCE COMPANY, Appellant. [598 NYS2d 730] —In an action for payment under a fire insurance policy, the defendant Commercial Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Hickman, J.), dated November 23, 1990, as granted summary judgment to it unless within 30 days the plaintiff Lorraine Young provided certain documentation to the defendant Commercial Mutual Insurance Company, which she did, and from an order of the same court, dated May 17, 1991, which denied its motion for leave to renew on the ground that Young's ability to comply with the condition of the order dated November 23, 1990, proved that she willfully withheld the documentation from it.

Ordered that the order dated November 23, 1990, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated May 17, 1991 is affirmed, without costs or disbursements.

Contrary to the defendant's contentions, Young was properly afforded one last opportunity to cure her breach within 30 days after she initially failed to provide it with specific items of documentation pursuant to her fire insurance policy *(see, 232 Broadway Corp. v Calvert Ins. Co.,* 149 AD2d 694; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605, 606; *Mortgagee Affiliates Corp. v Commercial Union Ins. Co.,* 27 AD2d 119, 121-122). Moreover, the defendant has failed to come forward with sufficient proof to warrant granting a motion for summary judgment on the

ground that Lorraine Young made fraudulent statements and concealed facts during her examination under oath *(see, Simcuski v Saeli,* 44 NY2d 442; *Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43; *Saks & Co. v Continental Ins. Co.,* 26 AD2d 540, *affd* 23 NY2d 161).

Further, the additional evidence submitted by the defendant in support of its motion for leave to renew was insufficient to warrant a different result *(see, Laxrand Constr. Corp. v R.S.C.A. Realty Corp.,* 135 AD2d 685, 686). Therefore, the Supreme Court properly denied the defendant's motion to renew. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.