■ SYMBAX, INC., et al., Respondents-Appellants, v STEVEN W. BINGAMAN et al., Appellants-Respondents. [631 NYS2d 829] —Judgment, Supreme Court, New York County (Peter Fox Cohalan, J.), entered December 22, 1993, after nonjury trial, which, *inter alia*, amended plaintiffs' fourth cause of action to conform to the evidence presented at trial and directed that plaintiffs recover from defendants $390,615.06, unanimously reversed, on the law, and the matter remanded for a new trial, without costs.

The trial court's failure to state the essential facts supporting its decision or, for the most part, to set forth its rationale, requires remand for a new trial as to Symbax Group, Ltd. ("SG") on the fourth cause of action (CPLR 4213 [b]; *Weckstein v Breitbart*, 111 AD2d 6).

It was error to impose liability on defendant Asset Growth Partners, Inc. ("AGP") under the fourth cause of action. As plaintiff correctly concedes, the doctrine of successor corporation tort liability is not a valid basis for holding AGP liable here; it is an extension of products liability and torts law

(*Grant-Howard Assocs. v General Housewares Corp.*, 63 NY2d 291, 296), and is not applicable in an action to collect on a promissory note. In any event, none of the criteria for such liability, as spelled out in *Schumacher v Richards Shear Co.* (59 NY2d 239, 245), was established by the evidence.

Neither can liability be justified, as urged by plaintiffs, under the theories that AGP and SG engaged in an alleged fraudulent conveyance or that AGP is the alter ego or successor corporation to SG or due to de facto merger.

Fraudulent conveyance must be proven by clear and convincing evidence (*Marine Midland Bank v Murkoff*, 120 AD2d 122, 126, *appeal dismissed* 69 NY2d 875). In the case at bar, the trial court expressly stated in its decision that the plaintiffs established the fourth cause of action by a preponderance of the credible evidence. Although the decision does not state the theory underlying that finding, if the court found fraud, it committed reversible error because it failed to adhere to the correct standard of proof (*Stephenson v Lord*, 72 AD2d 857). A fairer inference would be that no finding of fraud was made, since none was set forth and the standard of proof that was expressly stated was not that for fraud. Moreover, the evidence presented at trial did not clearly and convincingly prove an actual or constructive fraudulent conveyance (*see, Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219-220).

Successor corporation or "de facto merger" theories will not justify liability here either. As discussed above, successor corporation liability is essentially a torts concept. The evidence presented at trial did not support a finding of de facto merger (*Irving Bank Corp. v Bank of N. Y. Co.*, 140 Misc 2d 363, 366).

Nor should defendant Bingaman have been held individually liable on the fourth cause of action, since he was never named as a defendant with respect thereto. Where amendment of the complaint to conform to the evidence presented at trial (CPLR 3025 [c]) prejudices the opposing party by "the interjection, at trial, of a new or alternate theory supported by previously unpleaded facts", it is an abuse of discretion (*DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 240).

Plaintiffs' contentions, that Bingaman was placed on notice by paragraph 43 of the complaint or by plaintiffs' counsel's statement during trial in response to an objection, must fail. Paragraph 43 did not seek to impose personal liability on Bingaman inasmuch as he was not the transferee of the alleged fraudulent transfer of assets designed to deplete SG's resources; he was identified as the person who caused the corporate transfer to occur, and no cause of action lies against

him for such conduct (see, *Federal Deposit Ins. Corp. v Porco*, 75 NY2d 840, 842). Plaintiffs' counsel's statement during trial did not provide notice because it arose in the context of questioning regarding the first three causes of action, not the fourth.

Plaintiffs' further contention that the corporate veil of either SG or AGP should be pierced to hold Bingaman liable was not supported by sufficient evidence, since there was no showing of complete corporate domination used to defraud (see, *Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141), such that either was a dummy corporation used by Bingaman for personal business (see, *Matter of Total Care Health Indus. v Department of Social Servs.*, 144 AD2d 678, 679). The corporate formalities were observed, separate bank accounts maintained for each corporation's collectibles and debt, and there was no showing that personal assets were commingled. The only asset shown to have been transferred was $15,000 worth of office equipment. Plaintiffs' challenge to the dismissal of the fifth cause of action was not specified in their notice of appeal and therefore is not properly before this Court (see, CPLR 5515 [1]; *Harvey v Mazal Am. Partners*, 179 AD2d 1, 5). Concur—Ellerin, J. P., Rubin, Ross, Nardelli and Williams, JJ.