■ MAINETTI & MAINETTI, Respondent, v STEVEN M. BRIER, Appellant, and SYMBAX, INC., Defendant and Third-Party Plaintiff-Appellant. MARINO D'ORAZIO, Third-Party Defendant-Respondent. [662 NYS2d 937] —Crew III, J. P. Appeals (1) from an order of the Supreme Court (Connor, J.), entered February 1, 1996 in Ulster County, which, *inter alia*, granted third-party

defendant's cross motion for summary judgment dismissing the third-party complaint, and (2) from a judgment of said court, entered September 13, 1996 in Ulster County, upon a verdict rendered in favor of plaintiff.

In December 1991, defendants entered into a written retainer agreement with third-party defendant, Marino D'Orazio, and the law firm with which he was then associated, pursuant to the terms of which D'Orazio agreed to represent defendants in their litigation with Steven Bingaman (hereinafter the Bingaman matter). D'Orazio thereafter became associated with plaintiff and, in June 1993, defendants consented to plaintiff's substitution as counsel. The Bingaman matter proceeded to trial and, in November 1993, defendants obtained a judgment in their favor. On appeal, however, the verdict was reversed, on the law, and the matter was remitted for a new trial (see, Symbax, Inc. v Bingaman, 219 AD2d 552).*

In January 1994, plaintiff commenced this action seeking to recover the legal fees and disbursements owed by defendants for the representation rendered in the Bingaman matter. Defendants answered and raised various affirmative defenses, including misrepresentation. Thereafter, in April 1994, defendant Symbax, Inc. commenced a third-party action against D'Orazio alleging, inter alia, that D'Orazio knowingly misrepresented his skills and experience as an attorney in an effort to deceive and defraud defendants and to induce them to retain his services. Ultimately, Symbax moved to strike the note of issue and D'Orazio cross-moved for summary judgment dismissing the third-party complaint. Supreme Court denied Symbax's motion, granted D'Orazio's cross motion and dismissed the third-party complaint "with prejudice".

The matter proceeded to trial, at the conclusion of which Supreme Court granted plaintiff's motion for a directed verdict as to plaintiff's breach of contract claim, leaving the jury to determine the amount to be awarded for the services rendered. Thereafter, judgment was entered in favor of plaintiff in the amount of $13,037.54, exclusive of interest and costs. These appeals by defendants ensued.

Turning first to the propriety of Supreme Court's dismissal of the third-party complaint "with prejudice", defendants, as so limited by their brief, ask only that we modify Supreme Court's order to the extent of dismissing the third-party complaint "without prejudice". Supreme Court provided no rationale for

---

* Plaintiff and D'Orazio were discharged prior to this and did not represent defendants on appeal.

its dismissal of the third-party complaint with prejudice, and our review of the record discloses no grounds for dismissal on this basis. Accordingly, defendants' limited request in this regard is granted.

Defendants next contend that they are entitled to a new trial based upon various errors committed by Supreme Court. As a starting point, although defendants argue that Supreme Court's charge to the jury was deficient in numerous respects, a review of the record discloses that they did not specifically request that the court charge the provisions now relied upon on appeal, nor did they raise any objection to the court's charge as presented at trial. Under such circumstances, any errors in this regard have not been preserved for our review (*see*, CPLR 4110-b, 5501 [a] [3]; *Thaler & Thaler v Rourke*, 217 AD2d 893, 894).

We do, however, find merit to defendants' contention that Supreme Court erred in refusing to allow them to present evidence with respect to their affirmative defense of misrepresentation. This defense was raised in defendants' answer and defendant Steven M. Brier, the president of Symbax, although perhaps inartfully, repeatedly attempted to introduce proof at trial that D'Orazio misrepresented his skills and experience in order to induce defendants to retain his services and that the contract should be voided on that basis. Supreme Court's error in refusing to permit such proof was magnified by permitting D'Orazio to state in the presence of the jury that defendants had no defenses to this action and, further, by charging the jury that there was no claim that defendants had been "fraudulently forced" to enter into the retainer agreement. Accordingly, defendants are entitled to a new trial. Defendants' remaining contentions have been examined and found to be lacking in merit.

White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed defendants' third-party complaint "with prejudice"; said complaint is dismissed "without prejudice"; and, as so modified, affirmed. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.