◼ WEST BRANCH REALTY CORP., Appellant-Respondent, v EXCHANGE INSURANCE COMPANY, Respondent-Appellant. [688 NYS2d 228] —In an action to recover damages for breach of an insurance contract, the plaintiff appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Putnam County (Sklaver, J.H.O.), entered April 21, 1997, as, upon a jury verdict, is in its favor in the principal amount of $166,635.10, and the defendant cross-appeals, as limited by its brief, from so much of the same judgment as is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiff's motion for leave to amend its complaint during trial to assert a cause of action based upon the terms of an insurance binder. While leave to amend should be freely given (*see,* CPLR 3025 [b]), a proposed amendment which is devoid of merit should not be permitted (*see, Hall Signs v Aries Striping,* 236 AD2d 513; *Nasuf Constr. Corp. v State of New York,* 185 AD2d 304, 305;

*Brown v Samalin & Bock,* 155 AD2d 407). We agree with the trial court that the plaintiff was bound by the terms of the written insurance policy issued seven months before the fire (*see, Metzger v Aetna Ins. Co.,* 227 NY 411, 416; *Rogers v Urbanke,* 194 AD2d 1024, 1025; *Wausau Underwriters Ins. Co. v St. Barnabas Hosp.,* 145 AD2d 314).

The trial court properly charged the jury on the burden of proof regarding the affirmative defense of arson (*see, Hutt v Lumbermens Mut. Cas. Co.,* 95 AD2d 255; *see also, Malek v Federal Ins. Co.,* 994 F2d 49, 55; *Long Is. Ski Ctr. v Hartford Fire Ins. Co.,* 121 AD2d 368; *Rossi v Hartford Fire Ins. Co.,* 103 AD2d 771).

The parties' remaining contentions are without merit. O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.