■ In the Matter of LIPSITZ, GREEN, FAHRINGER, ROLL, SALISBURY & CAMBRIA, L. L. P., Appellant, v UPSTATE BUILDING CORPORATION, Doing Business as WENDEL CONSTRUCTION, Re-

spondent, et al., Respondent. [692 NYS2d 285] —Judgment unanimously affirmed without costs. Memorandum: Petitioner provided legal representation to Execujet Aviation Services, L. L. C (Execujet) in various matters, including a lawsuit against Dragon Air, Inc. (Dragon Air). Execujet obtained a judgment against Dragon Air and in July 1997 directed respondent Niagara County Sheriff to execute upon, seize and sell a jet engine owned by Dragon Air and deliver the proceeds to Execujet. Petitioner also represented Execujet in an action commenced by Upstate Building Corporation, doing business as Wendel Construction (respondent). Respondent obtained a judgment against Execujet on August 14, 1997, but respondent could not enter the judgment until September 5, 1997, based in part upon petitioner's objections to the proposed judgment submitted by respondent. On August 29, 1997, upon suggestion by petitioner, Execujet assigned its interest in the proceeds from the sale of the jet engine to petitioner in partial satisfaction of outstanding legal fees. Petitioner perfected its security interest in the proceeds of the jet engine by September 4, 1997, just one day before respondent was able to file an execution upon the Sheriff for the same property.

Supreme Court properly granted respondent's cross motion and set aside as a fraudulent conveyance the assignment made in favor of petitioner (see, Debtor and Creditor Law § 273-a). Debtor and Creditor Law § 272 (a) provides that "[f]air consideration" is given for property "[w]hen in exchange for such property * * * as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied". Here, an antecedent debt was satisfied. Based on all the circumstances, however, particularly the timing of the transactions, we agree with the court that the conveyance was not made in good faith, i.e., petitioner failed to deal honestly, fairly and openly (see, Furlong v Storch, 132 AD2d 866, 868; Southern Indus. v Jeremias, 66 AD2d 178, 183). Petitioner was aware of the impending enforceable judgment against Execujet and was in part responsible for the delay in entry of that judgment, delay for which respondent bore no responsibility. Because the conveyance was made without fair consideration and Execujet was unable to satisfy the judgment in favor of respondent, the conveyance was fraudulent and the court properly set it aside. (Appeal from Judgment of Supreme Court, Niagara County, Fahey, J.—Debtor and Creditor Law.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.