■ Mainetti & Mainetti, Respondent, v Steven M. Brier et al., Appellants. [722 NYS2d 279] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Vogt, J.), entered November 12, 1999 in Ulster County, upon a verdict rendered in favor of plaintiff.

The underlying facts are more fully set forth in this Court's prior decision in this matter (243 AD2d 870). Briefly, defendants entered into a written retainer agreement in December 1991 with Marino D'Orazio whereby D'Orazio agreed to represent defendants in a certain action brought against Steven Bingaman (hereinafter the Bingaman matter). D'Orazio thereafter became associated with plaintiff, and defendants duly consented to plaintiff's substitution as counsel. The Bingaman matter then proceeded to trial and, in November 1993, defendants obtained a judgment in their favor. Upon appeal, however, the judgment was reversed and the matter was remitted for a new trial (*see, Symbax, Inc. v Bingaman*, 219 AD2d 552).

Thereafter, in January 1994, plaintiff commenced this action seeking to recover legal fees and disbursements owed by defendants for services rendered in the Bingaman matter. Defendants answered and raised various affirmative defenses including, insofar as is relevant to this appeal, misrepresentation and negligence. The matter proceeded to trial, at the conclusion of which Supreme Court (Connor, J.) granted plaintiff's motion for a directed verdict as to its breach of contract claim, and the jury awarded plaintiff $13,037.54, exclusive of interest and costs. Upon appeal, this Court reversed and remitted the matter for a new trial (243 AD2d 870, *supra*).

At the subsequent trial, D'Orazio represented plaintiff and defendant Stephen M. Brier appeared *pro se*.[1] During Brier's cross-examination of D'Orazio on plaintiff's case-in-chief, Brier moved for a mistrial. Supreme Court denied the motion and, in response, Brier left the courtroom, never to return. Plaintiff proceeded to put in proof regarding the legal fees and disbursements allegedly owed by defendants and subsequently moved for a directed verdict. Supreme Court denied the motion and submitted the case to the jury, which returned a verdict in favor of plaintiff and awarded plaintiff $13,089.91. Defendants now appeal from the judgment entered thereon.

We affirm. The various arguments raised by defendants do not warrant extended discussion, as the majority of defendants' claims have not been preserved for our review. As noted previously, during Brier's cross-examination of D'Orazio, Brier requested a mistrial. Following Supreme Court's denial of that motion, the following colloquy took place between Brier and Supreme Court.

---

1. It does not appear that defendant Symbax, Inc., was represented at trial.

"MR. BRIER: I withdraw. I will not play local politics. Good bye. I withdraw. Good bye. Everybody is very friendly here.

"THE COURT: You are electing to leave this courtroom, Mr. Brier?

"MR. BRIER: I withdraw. I'm not prosecuting this case anymore.

"THE COURT: If you leave I am submitting this case to the jury in its present posture.

"MR. BRIER: I withdraw."

Brier then left the courtroom. Having voluntarily elected to terminate his participation in the underlying trial, Brier failed to preserve for our review any issues or objections that he may have had with respect to the sufficiency of plaintiff's proof, his opportunity to present proof on his behalf, opposing counsel's closing and/or Supreme Court's charge to the jury.

As to Brier's assertion that he was improperly denied the opportunity to assert the affirmative defenses of negligence and misrepresentation—an argument that he made prior to vacating the courtroom—the record reflects that such defenses were withdrawn, with prejudice, at Brier's request prior to trial.[2] Having apparently elected to pursue those claims in another forum and, again, having elected to leave the courtroom before completing his cross-examination of D'Orazio and/or presenting any proof, Brier cannot now be heard to complain that Supreme Court erred in failing to conform the pleadings to the proof and/or improperly limited his ability to tender proof in support of such defenses. Brier's remaining contentions, including his assertion that he was prejudiced by certain remarks made by counsel or certain rulings made by Supreme Court, have been examined and are either not properly before us or are lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

2. Although not entirely clear from the record, it appears that Brier wished to pursue such claims in the context of an action brought against plaintiff in Federal court.