■ S. PAUL POSNER, Appellant, v S. PAUL POSNER 1976 IRREVOCABLE FAMILY TRUST, Appellant, and ROBERT A. POSNER, Intervenor-Respondent. [784 NYS2d 509]—

Order and partial judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered June 20, 2003, which, inter alia, upon defendant-intervenor Estate's motion for summary judgment, set aside, as a fraudulent conveyance, a confession of judgment by defendant Trust in favor of plaintiff, and awarded the Estate reasonable attorneys' fees to be fixed at subsequent hearing, unanimously affirmed, without costs. Final judgment, same court and Justice, entered December 22, 2003, fixing such attorneys' fees in the principal amount of $191,928.65, unanimously modified, on the law and the facts, to vacate so much of the award as represents fees for services not directly related to the fraudulent conveyance issue, the matter remanded for any necessary adjustment of the award, and otherwise affirmed, without costs. Appeals from the order entered June 20, 2003, the so-ordered oral decision embodied in the transcript entered April 22, 2003, the order entered September 12, 2003, and the so-ordered oral decision embodied in the transcript entered November 7, 2003, all issued by the same court and Justice, unanimously dismissed, without costs, as subsumed in the appeals from order and partial judgment entered June 20, 2003 and the final judgment entered December 22, 2003.

Plaintiff claims that the subject confession of judgment by the Trust in his favor was intended to satisfy antecedent loans he had made to the Trust. Although plaintiff's wife is the Trust's nominal trustee, there is no dispute that plaintiff controlled the Trust, and it was he who directed his wife to execute the confession of judgment when he learned that the Estate was about to get a directed verdict in the action it had brought against the Trust on a promissory note. Plaintiff filed the confession of judgment minutes after the directed verdict in the Estate's action was pronounced, admittedly for the express purpose of placing himself ahead of the Estate at a time when the Trust could not satisfy both debts. Such circumstances demonstrate that the confession of judgment was not given and taken in good faith (*see Insilco Corp. v Star Servs.*, 2 AD3d 343, 344 [2003], citing, inter alia, *Southern Indus. v Jeremias*, 66 AD2d 178, 183-184 [1978]), and warrant that it be set aside as fraudulent pursuant to Debtor and Creditor Law § 273-a. Absent good faith, the conveyance is invalid even if the confession of judg-

ment were a fair equivalent for plaintiff's alleged outstanding loans to the Trust (Debtor and Creditor Law § 272; *see Matter of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, L.L.P. v Upstate Bldg. Corp.*, 262 AD2d 981 [1999]).

It does not avail plaintiff to invoke Debtor and Creditor Law § 280 in urging a bankruptcy-like pro rata distribution of the Trust's assets to plaintiff and the Estate. By its terms, section 280 permits application of bankruptcy law only to cases not covered by the fraudulent conveyance article of the Debtor and Creditor Law, not the case here, and then only to invalidate a claim, also not the case here.

The Estate was properly awarded attorneys' fees against plaintiff pursuant to Debtor and Creditor Law § 276-a, authorizing such upon a showing that a conveyance was made and received with actual intent to defraud, i.e, in violation of Debtor and Creditor Law § 276. Although the judgment setting aside the confession of judgment does not refer to section 276, the motion court did expressly find that the conveyance was done with the actual intent to hinder, delay or defraud the Estate as the Trust's creditor. That is all section 276-a requires. Nor was it error to include in the award the fees incurred by the Estate in proving the value of its attorneys' services, i.e., a fee on a fee (*cf. Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345, 345-346 [1997], *lv denied* 92 NY2d 818 [1998]; *Kumble v Windsor Plaza Co.*, 161 AD2d 259, 261 [1990], *lv denied* 76 NY2d 709 [1990]). In the latter regard, we reject plaintiff's argument that *Baker v Health Mgt. Sys.* (98 NY2d 80 [2002]), which interpreted a statute narrower than Debtor and Creditor Law § 276-a, created a per se rule against fees on fees. We also reject plaintiff's argument that the Estate's attorneys were required to parse the time spent on issues related to the fraudulent conveyance from that spent on issues related to the Estate's alternative theory that plaintiff was the Trust's alter ego and thus responsible for its debts. It was plaintiff's complete control of the Trust and his manipulation thereof to his own benefit and to the detriment of the Estate that demonstrated his bad faith. The same evidence would necessarily form the basis of any alter ego theory. However, the motion court did err in awarding fees for services not directly related to or inextricably intertwined with the fraudulent conveyance issue, such as, for example, enforcement of the Estate's judgment against the Trust on the note. Accordingly, we remand for a determination and disallowance of such fees, or a more complete statement of why they represent services so related or intertwined. We have considered plaintiff's other arguments concerning the award of attorneys' fees, includ-

ing that the time spent on the summary judgment motion was inordinate, and find them unavailing. Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.