(June 29, 2006)

■ PATRICK GUERRAND-HERMES, Appellant, v OLAF GUERRAND-HERMES, Defendant. OLGA ROSTROPOVICH, Nonparty Respondent. [819 NYS2d 231]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 1, 2004, which granted the motion of nonparty respondent pursuant to Debtor and Creditor Law § 276 to vacate a judgment of confession entered against defendant in favor of plaintiff, Patrick Guerrand-Hermes, reversed, on the law, without costs, and the matter remanded for a hearing.

Plaintiff-appellant Patrick Guerrand-Hermes is defendant's father. On October 8, 2003, defendant executed an affidavit of confession of judgment in favor of his father, purportedly to repay a loan of $200,000 made in installments in November 2002 and March 2003. In December 2003, defendant's ex-wife, nonparty respondent Rostropovich, moved to vacate the judgment by confession on the grounds that she was a creditor of defendant, and that the judgment was a fraudulent conveyance. Supreme Court granted the motion.

For the reasons stated in the related action, *Micalden Invs. S.A. v Guerrand-Hermes* (30 AD3d 341 [2006] [decided herewith]), we reverse. The dissent's reliance on *Posner v S. Paul Posner 1976 Irrevocable Family Trust* (12 AD3d 177 [2004]) in the instant case, does not alter this conclusion. In *Posner*, the plaintiff controlled the trust through his wife and caused a confession of judgment to be filed in his favor moments after a directed verdict was entered against the trust. We held that the "circumstances demonstrate that the confession of judgment was not given and taken in good faith" (*id.* at 178).

In this case, defendant's "honest purpose" in making the judgment by confession remains a question of fact, and fraudulent intent must be proved by clear and convincing evidence. Accordingly, we reverse the motion court's summary determination and remand for a hearing pursuant to section 276 of the Debtor and Creditor Law. Concur—Buckley, P.J., Catterson and Malone, JJ.

Andrias, J., dissents in a memorandum as follows: The mo-

tion court's summary determination that defendant husband's confession of judgment, dated October 8, 2003, in favor of his father, plaintiff herein, in the sum of $200,000 was a fraudulent conveyance pursuant to Debtor and Creditor Law § 276 (conveyance made with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors) was correct. Accordingly, I dissent and would affirm the order granting nonparty respondent's motion to vacate a judgment by confession entered against defendant, respondent's former husband, and in favor of plaintiff, defendant's father.

In opposition to the nonparty former wife's motion, plaintiff father merely stated that the judgment was in no way fraudulent inasmuch as it was based on two loans he made to his son, each in the amount of $100,000, first in November 2002 to enable his son to pay outstanding mortgage and maintenance due on the marital apartment in the Hotel des Artistes and the second, in March 2003, to nonparty respondent, his former daughter-in-law, on account of his son's obligations to her. As found by the motion court, while actual intent to "hinder, delay, or defraud" within the meaning of Debtor and Creditor Law § 276 is ordinarily a question of fact, summary judgment is appropriate where defendant husband has not appeared to contest the motion and his father's opposition was insufficient to raise an issue of fact as to his son's intent.

The motion court was well aware that the judgment by confession was prepared and entered contemporaneously or shortly after its decision and order awarding nonparty respondent judgment in the divorce action for maintenance, child support and equitable distribution of the marital assets, including directing entry of judgment against defendant for maintenance and child support arrears. In reaching that decision, the court found the testimony of defendant and his father to be incredible in material ways and applied the doctrine of falsus in uno, falsus in omnibus. Specifically, the court found incredible the son's and father's position that the father was the "constructive owner" of the apartment and their testimony about the issue of gifts made by the father to the son.

Many badges of fraud indicate that the subject confession of judgment was intended to prevent the use of defendant's assets to pay arrears and future support obligations to respondent, including, inter alia, the relationship of the parties, the judgment's preparation at a time when decisions in the divorce action and on respondent's motion for sequestration of the family home were imminent, and the judgment's filing shortly after issuance of the decision in the divorce action and shortly before

issuance of a sequestration order (*see Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177 [2004]).

The motion court specifically found that the purported November 2002 loan related to a period of time when it had already determined that the transfers from father to son were gifts, not loans. With regard to the purported March 2003 loan, the court found that defendant, in the divorce action, denied receiving any loans that year. Moreover, the court held, even if the father's March 2003 advancement of $100,000 to his son was a loan, that did not mean that the son, in confessing judgment, did not also have the intent to "hinder, delay, or defraud" the son's former wife. Such intent, the court found, is evidenced by defendant's close relationship to his father, the speed at which the confession of judgment was entered after the court directed the son's former wife to submit a proposed judgment against him for $449,904 in arrears plus interest, defendant's failure to pay maintenance and child support, his efforts to frustrate any recovery by his former wife necessitating extensive postjudgment litigation, and his father's actual knowledge as evidenced by the fact that he was a key fact witness on behalf of his son in the divorce action.

Given the foregoing findings as to credibility, as well as defendant's failure to appear in opposition to respondent's motion and on appeal, no issues of fact are raised warranting a hearing.