■ MICALDEN INVESTMENTS S.A., Appellant, v OLAF GUERRAND-HERMES, Defendant. OLGA ROSTROPOVICH, Nonparty Respondent. [819 NYS2d 228]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered April 2, 2004, which granted the motion of nonparty respondent pursuant to Debtor and Creditor Law § 276 to vacate a judgment by confession entered against defendant in favor of plaintiff, Micalden Investments, reversed, on the law, without costs, and the matter remanded for a hearing.

Plaintiff-appellant Micalden Investments S.A. (Micalden) is a corporation wholly owned by Eva Blazek, wife of defendant Olaf Guerrand-Hermes, and mother of his two children. At the time that defendant made the judgment by confession in 2003, Eva

Blazek was defendant's fiancée, and defendant was in the final stages of a divorce from his first wife, nonparty respondent Rostropovich, in this action.

The divorce action was decided on October 3, 2003, and Rostropovich obtained a judgment, entered October 31, 2003, consisting of an award for $449,904 in maintenance and child support arrears.*

In the meantime, on October 2, 2003, defendant executed an affidavit of confession of judgment in favor of Micalden purportedly to repay a loan of approximately $1.4 million. In December 2003, Rostropovich moved to vacate the judgment by confession on the ground that she was a creditor of her husband, and that the judgment was a fraudulent conveyance entered with "actual intent to hinder, delay, or defraud" either present or future creditors. The court granted the motion. Now, for the reasons set forth below, this Court reverses and remands the matter for a hearing.

The record demonstrates that between February and September 2003, defendant arranged to borrow almost $1.4 million from Micalden. There is documentary evidence in the form of wire transfer confirmations that show these transactions. In March 2003, defendant arranged for Micalden to pay his father, Patrick Guerrand-Hermes (Patrick) $1 million to fund a certain agreement regarding defendant's apartment at the Hotel des Artistes. The record demonstrates that most of the other advances by Micalden related to that apartment as well, including an initial payment of $125,000 sent to Patrick in February 2003 to pay arrears in maintenance and a special assessment on the apartment, a payment of $12,132.17 to defendant in May 2003 to pay charges on the apartment, a $33,500 transfer to Merle & Brown, P.C. (defendant's New York lawyers) in June 2003 to make three monthly mortgage payments on the apartment, a further $31,762.33 transfer to Merle & Brown in September 2003, also to service the mortgage and a $50,000 payment directly to the Hotel des Artistes in September 2003 to pay charges on the apartment. The remainder of the funds were allegedly advanced to pay defendant's other expenses between February and May of 2003.

It has been hornbook law for more than a century that, "in the absence of statutory restrictions an insolvent debtor has the right to sell and transfer the whole or any portion of his property to one or more of his creditors in payment of or to secure

---

* This Court modified the award finding that wife's efforts were not a factor in the appreciation of husband's New York City cooperative apartment (*Rostropovich v Guerrand-Hermes*, 18 AD3d 211 [2005]).

his debts, when that is his honest purpose, although the effect of the sale or transfer is to place his property beyond the reach of his other creditors and render their debts uncollectible" (*Dodge v McKechnie*, 156 NY 514, 520 [1898], citing *Tompkins v Hunter*, 149 NY 117 [1896]; *see Ultramar Energy v Chase Manhattan Bank*, 191 AD2d 86 [1993]). In the instant case, the question of defendant's "honest purpose" is clearly one of fact. More significantly, the standard of proof as to a showing of fraudulent intent under the statute is that of clear and convincing evidence (*see Symbax, Inc. v Bingaman*, 219 AD2d 552, 553 [1995], citing *Marine Midland Bank v Murkoff*, 120 AD2d 122, 126 [1986], *appeal dismissed* 69 NY2d 875 [1987]). Contrary to the suggestion of the dissent, that standard is simply not met by the motion court's "full[ ] familiar[ity] with the background of this action."

Because the dates of and the documentation in support of the various transfers made by Micalden at the very least create the issue of fact, the respondent failed to show defendant's fraudulent intent by the requisite clear and convincing evidence. Accordingly, we remand the case for a hearing under section 276 of the Debtor and Creditor Law. Concur—Buckley, P.J., Catterson and Malone, JJ.

Andrias, J., dissents in a memorandum as follows: Because the court properly found sufficient circumstantial evidence to indicate that plaintiff's principal was aware or should have been aware of defendant's intent to frustrate any recovery by his former wife, I dissent and would affirm the order granting nonparty respondent's motion pursuant to Debtor and Creditor Law § 276 to vacate a judgment by confession entered against defendant, respondent's former husband, and in favor of plaintiff, a company controlled by the mother of defendant's child.

Nonparty respondent, defendant's former wife, moved to vacate an undated judgment by confession in favor of plaintiff and against defendant in the amount of $1,390,664.35, which was entered on October 22, 2003, two weeks after the court in defendant's divorce action ordered entry of judgment against him for $449,904 in maintenance and child support arrears, on the grounds that such judgment was entered with actual intent to "hinder, delay, or defraud" either present or future creditors, in this case his former wife.

In her affidavit in opposition to respondent's motion, plaintiff's principal, Eva Blazek, the mother of defendant's son who was pregnant with a second child at the time, stated that the confession of judgment was based upon a demand revolving

promissory note signed by defendant on February 20, 2003 and advances made to defendant from February 24, 2003 through September 22, 2003 totaling $1,389,952.93, that the loans were made to defendant in good faith, and that the confession of judgment was not collusive. Plaintiff also relied upon this Court's decision in *Ultramar Energy v Chase Manhattan Bank* (191 AD2d 86, 90-91 [1993]) for the proposition that a conveyance which satisfies an antecedent debt made while the debtor is insolvent is neither fraudulent nor otherwise improper, even if its effect is to prefer one creditor over another. However, as found by the motion court, *Ultramar Energy* is clearly inapposite since it involved Debtor and Creditor Law § 273, which governs conveyance by an insolvent and provides that any conveyance made without a fair consideration is fraudulent without regard to the transferor's actual intent. All *Ultramar* held was that it is not fraudulent for an insolvent acting in good faith to satisfy an antecedent debt even if its effect is to prefer one creditor over another (191 AD2d at 90-91). Debtor and Creditor Law § 276, unlike section 273, addresses actual fraud, as opposed to constructive fraud, and does not require proof of unfair consideration or insolvency (*Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1999]). The issue, thus, is not whether Ms. Blazek acted in good faith, but whether defendant entered the judgment by confession in favor of plaintiff corporation with actual intent to "hinder, delay, or defraud" either present or future creditors.

The motion court correctly rejected plaintiff's contentions that defendant's motivation is irrelevant and that the only relevant inquiry is whether a loan was in fact made. The court, which had presided over defendant's divorce action and was fully familiar with the background of this action, properly found that a hearing was not necessary to summarily dispose of respondent's motion in light of defendant's failure to appear and Ms. Blazek's failure to raise an issue of fact about defendant's intent. Moreover, direct proof of a debtor's state of mind is rarely available; intent to hinder, delay or defraud is inferred from the circumstances surrounding the transaction (*Wall St. Assoc., supra* at 529). Here, the court properly found such intent from the following: Ms. Blazek's close relationship to defendant; the timing of the consent judgment; defendant's contradictory explanations, as articulated by Ms. Blazek, of the making of the loan (he denied in the divorce action that he had received any loans in 2003, then subsequently stated that he had no recollection of any loans in that year); Ms. Blazek's admission regarding intimate knowledge of the bitter and lengthy divorce proceedings; and the fact that plaintiff waited

eight months after the loan was made to file a UCC-1 financing statement, which was done only after the court signed the sequestration order to show cause.