■ CDR CRÉANCES S.A.S., Respondent, v FIRST HOTELS & RESORTS INVESTMENTS, INC., Also Known as LES PREMIERS INVESTISSEMENTS HOTELIERS & VILLEGIATURE, INC., Appellant. [62 NYS3d 52]—

Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered on or about February 7, 2017, which denied defendant's motion for summary judgment dismissing the claims for fraudulent transfer, unjust enrichment, and attorneys' fees pursuant to Debtor and Creditor Law § 276-a, unanimously modified, on the law, to grant the motion as to the unjust enrichment claims, and otherwise affirmed, without costs.

The motion court correctly found that the transfer into defendant's Union Planters bank account and the pre-January 7, 2004 transfer into its HSBC account did not constitute a new theory of liability. All along, plaintiff's theory of liability has been a fraudulent transfer from nonparty Whitebury Shipping

Time Sharing, Ltd. to defendant; thus, the key is Whitebury's intent to hinder, delay, or defraud plaintiff or its predecessor (*see* Debtor and Creditor Law § 276). Because it is difficult to prove actual intent, plaintiff is permitted to rely on badges of fraud (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1st Dept 1999]). Most of these badges, such as the relationship between Whitebury and defendant, whether the transfers were in the ordinary course of business, whether defendant gave Whitebury any consideration, and whether Whitebury retained any control of the money it transferred to defendant, are within defendant's knowledge; defendant does not need discovery on these points. As for Whitebury's knowledge of plaintiff's (or its predecessor's) claim and Whitebury's inability to pay it, that factor is the same regardless of whether the fraudulent transfer is only the January 15, 2004 transfer mentioned in plaintiff's interrogatory responses or all three transfers into defendant's bank accounts.

The three transfers amount to $8.55 million; defendant only proved that it had repaid Whitebury $6 million. Therefore, defendant did not entirely disprove plaintiff's claim of a fraudulent transfer.

Because the court correctly declined to dismiss the fraudulent transfer claim, it also correctly declined to dismiss the claim for attorneys' fees under Debtor and Creditor Law § 276-a.

However, the unjust enrichment claim should be dismissed, because there was no relationship between the parties that could have caused reliance or inducement on plaintiff's or its predecessor's part (*see Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 408 [1st Dept 2011], *affd* 19 NY3d 511 [2012]). Plaintiff's predecessor made a one-year loan to nonparty Euro-American Lodging Corporation (EALC) in 1990 and extended it in 1991. Defendant was not formed until 1999.

The motion court apparently allowed plaintiff to establish the requisite relationship via an alter ego theory. However, in 2011, plaintiff moved to amend its complaint to make it clear that it sought reverse piercing of defendant's corporate veil so that all of defendant's assets could be made available to satisfy plaintiff's judgments against various nonparties. The court (O. Peter Sherwood, J.) denied the motion, and we affirmed (*CDR Créances S.A.S. v First Hotels & Resorts Invs., Inc.*, 101 AD3d 485 [1st Dept 2012]). Furthermore, we have twice rejected a connection between defendant's purchase of the condominium unit at issue in the instant action and plaintiff's predecessor's loan to EALC (*see id.* at 487; *Matter of CDR Créances S.A.S. v*

*First Hotels & Resorts Invs., Inc.*, 140 AD3d 558, 563 [1st Dept 2016]). Concur—Tom, J.P., Mazzarelli, Andrias and Oing, JJ.