Priestley v Panmedix, Inc. (2022 NY Slip Op 00636)





Priestley v Panmedix, Inc.


2022 NY Slip Op 00636


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Scarpulla, Rodriguez, JJ. 


Index No. 114874/10 Appeal No. 15188 Case No. 2021-02197, 2021-02198 

[*1]Katherine Priestley, Plaintiff-Respondent,
v
Panmedix, Inc., et al., Defendants-Respondents, Ballon, Stoll, Bader & Nadler, PC et al., Defendants, Halket Weitz LLP, Sued Herein as Halket Weitz, et al., Defendants-Appellants.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Jonathan Harwood of counsel), for appellants.
Russ & Russ, P.C, Massapequa (Ira Levine of counsel), for Katherine Priestley, respondent.
Rich Michaelson Magaliff, LLP, New York (Howard P. Magaliff of counsel), for Panmedix, Inc., McDonald Comrie and Phillip Yee, respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about April 12, 2021, and amended order, same court and Justice, entered on or about April 14, 2021, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on the claims against defendant Halket & Weitz LLP s/h/a Halket Weitz (HW) for attorneys' fees under Debtor and Creditor Law § 276-a and for aiding and abetting fraud, and denied the motion of defendants HW and Theodore Weitz, Esq. for summary judgment dismissing those claims as against HW, as well as the tortious interference with collection of a money judgment claim as against both HW and Weitz, unanimously modified, on the law, defendants' motion for summary judgment granted as to the tortious interference claim against Weitz, and otherwise affirmed, without costs.
The tortious interference with collection of a money judgment claim should have been dismissed as against defendant Theodore Weitz, Esq., but not defendant HW (see generally James v Powell, 25 AD2d 1, 2 [1st Dept 1966], revd on other grounds by 19 NY2d 249 [1967]). This claim accrued on December 11, 2009, when plaintiff was prevented by the tortious interference from executing on the judgment (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 108 [1st Dept 2009], lv denied 15 NY3d 703 [2010]). Although this claim was not asserted until the second amended complaint, which was not filed until after expiration of the applicable three-year statute of limitations (see CPLR 214[4]; Thome, 70 AD3d at 108), it should nonetheless be deemed timely insofar as asserted against HW because it arose out of the same transaction or occurrence as the original fraudulent conveyance claims and thus relates back to the filing of the first amended complaint (FAC) (see CPLR 203[f]; Cady v Springbrook NY, Inc., 145 AD3d 846, 846-847 [2d Dept 2016]). Relation back is not proper as to Weitz, however, because he was not named in the FAC and there has been no showing that the failure to name him was due to a "mistake" as to his identity (see Buran v Coupal, 87 NY2d 173, 178, 181 [1995]).
Further, with respect to the tortious interference claim, plaintiff raises issues of fact as to whether HW knew that the purpose of the Security Agreement was to defraud plaintiff. There are also issues of fact as to the extent and nature of plaintiff's alleged damages (see generally James, 25 AD2d at 4).
Summary judgment on liability was properly awarded to plaintiff on her claim against HW for attorneys' fees under the applicable version of Debtor and Creditor Law § 276-a predating the amendments effective April 2020 (see generally Posner v S. Paul Posner 1976 Irrevocable Family Trust, 12 AD3d 177, 179 [1st Dept 2004]). HW was a "transferee" within the meaning of this provision, as it received a security interest in defendant Panmedix, Inc.'s (Panmedix's) property (see Debtor and Creditor Law § 270[p]). HW also had actual [*2]intent to defraud as a matter of law. Numerous badges of fraud were already found to exist in a prior federal court order (see Priestley v Panmedix, Inc., 18 F Supp3d 486, 503 [SD NY 2014]; see also generally CDR CrÉances S.A.S. v First Hotels & Resorts Invs., Inc., 153 AD3d 1208, 1209 [1st Dept 2017]; Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]). The record is also clear that HW, as Panmedix's counsel, had a close relationship therewith, and that it had knowledge of plaintiff's claim and of Panmedix's inability to pay it. Although an award of attorneys' fees is not appropriate where it is the only remedy available under the Debtor and Creditor Law, this is not the case here, as plaintiff's other fraudulent conveyance claims were found to have merit and she was awarded relief thereon.
Summary judgment on liability was also properly awarded to plaintiff on her claim against HW for aiding and abetting fraud (see generally Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]). It is undisputed that HW drafted the subject Security Agreement and the federal court already decided that there was no "bona fide purpose" therefor
"other than to block and hinder Priestley from getting at corporate assets to which she was lawfully entitled" (see Priestley, 18 FSupp3d at 503-04; see also Oster v Kirschner, 77 AD3d 51, 56-57 [1st Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022